

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# In Re: Diet Drugs

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Diet Drugs " (2008). *2008 Decisions.* Paper 318.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/318

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 07-2943

_____

IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/
DEXFENFLURAMINE)
PRODUCT LIABILITY LITIGATION

Mary Schrodi and/or
Estate of Mary Schrodi,

<u>Appellant</u>

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. Civil No. 99-CV-20593, MDL No. 1203)
District Judge: Hon. Harvey Bartle III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge*[*]

(Filed: October 28, 2008)

_____

[*] The Honorable Anne E. Thompson, Senior United States District Judge for the
District Court of New Jersey, sitting by designation.

OPINION

Thompson, *District Judge*.

I.      **Background**

Appellant Mary Schrodi filed this appeal from the District Court's May 25, 2007

Pretrial Order, No. 7222, denying Appellant's claims for benefits under the terms of the

Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement").[1]

In July 2000, Appellant filed a claim with the AHP Settlement Trust ("Trust"),

pursuant to the procedures set forth in the Settlement Agreement, for so called Matrix A-

1, Level II and Level III benefits. Her claim included the statement of an attesting

physician diagnosing Appellant with moderate mitral regurgitation based on her

echocardiogram, as required for Level II benefits. The attesting physician also reported

that Appellant had surgery to repair or replace her aortic valve after having used one of

the drugs at issue in this case, serving as the basis of her claim for Level III benefits.

Upon review, the Trust's auditing cardiologist concluded that there was no reasonable

medical basis (the standard set out in the Settlement Agreement) for the attesting

---

[1] The Court will neither repeat the history of the Settlement Agreement in this MDL, as it has been outlined in prior opinions of this Court, see, e.g., In re Diet Drugs Prods. Liab. Litig., 431 F.3d 141 (3d Cir. 2005); In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220 (3d Cir. 2002), nor summarize the relevant provisions of that agreement, which have been summarized aptly in the District Court's Pretrial Order that is the subject of this appeal.

2

physician's finding that Appellant suffered from a moderate mitral regurgitation, finding instead that she only had a mild mitral regurgitation, which is insufficient for Level II benefits. On that basis, the Trust denied Appellant's claims. Appellant disputed the audit's adverse finding, and the Trust applied to the District Court for an Order to Show Cause why Appellant's claim should be paid. The District Court issued the Order and referred the case to a Special Master for further proceedings. The parties submitted statements of the case to the Special Master, and the Special Master appointed a technical advisor to prepare a report for the District Court's review. Like the auditing cardiologist, the technical advisor concluded that there was no reasonable medical basis for finding that Appellant had moderate mitral regurgitation. Both the parties' statements and supporting documentation as well as the technical advisor's report were submitted to the District Court for review in making its decision on the Order to Show Cause. After a thorough review of the record before it, the District Court denied both the Level II and Level III claims, affirming the finding of the Trust with respect to the Level II claim and noting that Appellant's own attesting physician reported that Appellant did not have even mild aortic regurgitation, an additional element required for Level III benefits.

On appeal, Appellant asserts that (1) the method of interpretation of Appellant's echocardiogram used by the District Court is medically unsound and (2) the District Court's use of that method was based on an incorrect interpretation of the Settlement Agreement.

This Court has jurisdiction under 28 U.S.C. § 1291. Because Appellant's grounds for appeal are based alternatively on issues of fact and interpretation of the Settlement Agreement, our review is under the clearly erroneous standard. See In re Cendant Prides Litig., 233 F.3d 188, 193 (3d Cir. 2000) (both issues of fact and interpretation of settlement agreements are reviewed under the clearly erroneous standard).

## II. Analysis

With respect to both of Appellant's arguments, this Court finds that Appellant has failed to show clear error in the District Court's interpretation or factual findings. The District Court performed a careful and thorough review of the robust record before it, including both parties' statements and the opinions of the auditing cardiologist, the technical advisor and Appellant's own attesting physician. This Court thus adopts the District Court's findings as its own.[2]

## III. Conclusion

For the reasons stated above, Appellant's appeal is denied.

---

[2] In further support of the District Court's findings, see this Court's recent decision in a related proceeding, In re Diet Drugs Prods. Liab. Litig., — F.3d ----, No. 07-1957, 2008 WL 4166907, at *6 (3d Cir. Sept. 11, 2008) (agreeing with the District Court that measurement of regurgitant jet in only a single frame of an echocardiogram did not provide a reasonable medical basis for recovering Matrix benefits under the Settlement Agreement).